**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000722
28-AUG-2014
08:31 AM**

NO. CAAP-11-0000722

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEBORAH J. WALTRIP, Claimant-Appellant v.
TS ENTERPRISES, INC., dba KIMO'S RESTAURANT,
Employer-Appellee, and FIREMAN'S FUND INSURANCE
COMPANY, Insurance Carrier-Appellee, and
SPECIAL COMPENSATION FUND, Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL
RELATIONS APPEALS BOARD
(CASE NO. AB 2007-047(M); (7-02-00262))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

In this workers' compensation appeal, Claimant-Appellant Deborah J. Waltrip ("Waltrip") appeals pro se from the September 28, 2011 order ("Second Post-Judgment Order") of the Labor and Industrial Relations Appeals Board ("the Board") denying her September 23, 2011 post-judgment motion to vacate the Board's July 25, 2011 Decision and Order ("Decision"). Waltrip also appeals directly from the Decision and from the Board's August 29, 2011 order ("First Post-Judgment Order") denying her August 23, 2011 motion to reconsider the Decision.

On May 31, 2012, this court granted in part the motion to dismiss appeal for lack of jurisdiction filed by Appellee Special Compensation Fund, stating that this court lacked jurisdiction over Waltrip's appeal from the Decision and the First Post-Judgment Order. Accordingly, only the Second Post-Judgment Order is considered in this appeal.

Waltrip does not suggest a statutory or regulatory basis supporting her September 23, 2011 motion to vacate, which essentially was a second motion for reconsideration on the same grounds as the first, and we can find none. We hold that there was no authority for the Board to rule on the merits of the motion and, as such, rather than issuing a denial, the Board should have dismissed the motion for lack of subject matter jurisdiction. *See Hawaii Mgmt. Alliance Ass'n v. Ins. Comm'r*, 106 Hawai'i 21, 27, 100 P.3d 952, 958 (2004) (holding that the insurance commissioner's authority to hear external review appeals, as authorized by statute, was a question of subject matter jurisdiction); *see also Bush v. Watson*, 81 Hawai'i 474, 480, 918 P.2d 1130, 1136 (1996) (stating that dismissal for lack of subject matter jurisdiction is not an adjudication on the merits).[1] Accordingly, we vacate the Second Post-Judgment Order because the Board lacked subject matter jurisdiction. HAW. REV. STAT. § 386-87(d) (1993).

Therefore,

The September 28, 2011 Order Denying Claimant's Motion to Vacate Decision of July 25, 2011 is vacated and the case is remanded to the Board for entry of an order dismissing the motion for lack of jurisdiction.

DATED: Honolulu, Hawai'i, August 28, 2014.

On the briefs:

Deborah J. Waltrip
for Claimant-Appellant.

Robert E. McKee, Jr.,
for Employer-Appellee and
Insurance Carrier-Appellee.

Frances E.H. Lum and
Robyn M. Kuwabe,
Deputy Attorneys General,
for Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[1] Special Compensation Fund argues that "[t]o the extent that [the Board] lacked jurisdiction, it would appear that [this court] would also lack jurisdiction to entertain [Waltrip's] motion to vacate [the Board's] decision and order." However, this court has jurisdiction to correct an error in jurisdiction. *See, e.g., Koga Eng'g & Const., Inc. v. State*, 122 Hawai'i 60, 84, 222 P.3d 979, 1003 (2010).